IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LOVELLA E. HEBERT,<br><br>    Plaintiff,<br><br>v.<br><br>LUCIAN LINCOLN WOOD, JR.,<br><br>    Defendant. | Civil Action No. |

## VERIFIED COMPLAINT

Lovella E. Hebert hereby files this verified complaint against Lucian Lincoln Wood, as follows.

## NATURE OF THE ACTION

1. This diversity suit is an action for breach of contract, unjust enrichment, conversion and fraud, by Ms. Hebert against Mr. Wood stemming from a series of crypto currency transactions made between the Parties.

## PARTIES

2. Lovella E. Hebert is an individual resident of the State of Georgia, who may be served by serving the undersigned, and submits herself to the jurisdiction of this Court.

3. Lucian Lincoln Wood is believed to be a resident of the State of South Carolina, who may be served by service at his place of business located at

Tomotley Plantation, 300 State Road S-7-48, Yemassee, Beaufort County, South Carolina 29945.

## JURISDICTION AND VENUE

4. Jurisdiction in this action is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) as this is a diversity jurisdiction action and all of the plaintiffs are citizens of different states from all of the defendants, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. Venue in this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all, or substantially all, of the acts or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL BACKGROUND

6. In the summer of 2022, before leaving the State of Georgia and before surrendering his law license, Mr. Wood realized that his legal career may be coming to a close.

7. Nonetheless, he enjoyed a fair degree of fame relating to a few high profile cases.

8. Mr. Wood employed this fame to a series of non-legal enterprises.

9. One such enterprise was trading crypto currencies to avoid and protect against an alleged imminent crash of the United States Dollar.

10. There is no evidence to suggest that Mr. Wood ever received any form of licensing to trade securities.

11. Nonetheless, Mr. Wood used his social media platforms to attract fans and to induce them to invest cash in his crypto currency endeavors.

12. In doing so, Mr. Wood promised his fans safety from an imminent crash of the United States Dollar, and at the very least the return of their funds upon demand.

13. Mr. Wood regularly conducted this "business" in Georgia, with Georgia investors, and was located in Georgia when he did so with Ms. Hebert.

14. In the summer of 2022, Mr. Wood targeted Ms. Hebert, who was a fan of his on social media and with whom Mr. Wood frequently communicated.

15. Mr. Wood begged and urged Ms. Hebert to deposit her funds with him to avoid and protect against an imminent crash of the United States Dollar.

16. Mr. Wood further promised Ms. Hebert that he would return her initial deposits upon demand.

17. Mr. Wood instructed Ms. Hebert to transfer funds to his crypto wallet: 0x77DbEfC2E09d6Cb4C9C8f7cf5bfD6Fc25aefE990.

18. Ms. Hebert initially resisted, but after much pressing, Ms. Hebert transmitted the following to Mr. Wood:

   a. August 24, 2022 - $902.52;

  b. September 1, 2022 - $1,450.16;

  c. September 9, 2022 - $151.64;

  d. September 9, 2022 - $3,825.26;

  e. September 16, 2022 - $3,827.42;

  f. September 19, 2022 - $993.46;

  g. October 1, 2022 - $3,905.05;

  h. October 11, 2022 - $4,413.65;

  i. October 21, 2022 - $14,753.30;

  j. October 25, 2022 - $77,923.33; and

  k. October 27, 2022 - $98,001.39.

19. The total of all the transmissions from Ms. Hebert to Mr. Wood is $210,147.18.

20. Prior to each transaction identified above, Mr. Wood renewed his promises that the crypto currency would remain stable and that at the very least Ms. Hebert would receive her initial investment back upon demand.

21. After the transmissions from Ms. Hebert to Mr. Wood, Mr. Wood continued to press Ms. Hebert for more funds.

22. Ms. Hebert resisted.

23. Mr. Wood insisted that the crypto currency was stable, but that he would need to retain Ms. Hebert's funds for a short while before returning them to her.

24. The crypto currency has not devalued since Ms. Hebert transferred the $210,147.18 to Mr. Wood.

25. Mr. Wood never returned any portion of the funds to Ms. Hebert.

26. Mr. Wood never paid any profits or appreciated funds to Ms. Hebert.

27. Ms. Hebert has made more than a dozen demands of Mr. Wood for payment of her profits and the return of her funds beginning in November of 2022.

28. Mr. Wood has continuously responded that he needs more time.

29. In January of 2023, Mr. Wood ceased directly communicating with Ms. Hebert about her investment.

## COUNT I
### Fraud

30. Ms. Hebert restates paragraphs 1-29 and incorporates said paragraphs herein by reference.

31. Mr. Wood promised Ms. Hebert that if Ms. Hebert invested funds with him to purchase crypto currency, Ms. Hebert would avoid and protect against an imminent crash of the United States Dollar, and at the very least would receive the return of her initial investment upon demand.

32. Based on this promise, between August and October of 2022, Ms. Hebert invested $210,147.18 with Mr. Wood.

33. On paper, this investment has appreciated considerably, and has at least not devalued.

34. Nonetheless, Mr. Wood has refused to return Ms. Hebert's investment to her.

35. In January of 2023, Mr. Wood cut off communication and stopped responding to Ms. Hebert.

36. Mr. Wood plainly never intended to return Ms. Hebert's funds to her.

37. Mr. Wood is liable to Ms. Hebert for fraud in at least the amount of $210,147.18.

## COUNT II
### Breach of Contract

38. Ms. Hebert restates paragraphs 1-37 and incorporates said paragraphs herein by reference.

39. In the summer of 2022, Mr. Wood agreed with Ms. Hebert that if Ms. Hebert invested funds with him to purchase crypto currency, Ms. Hebert would avoid and protect against an imminent crash of the United States Dollar, and at the very least Mr. Wood would return her initial investment if the crypto currency upon demand.

40. Based on this agreement, between August and October of 2022, Ms. Hebert invested $210,147.18 with Mr. Wood.

41. On paper, this investment has appreciated considerably and has certainly not devalued.

42. Nonetheless, Mr. Wood has refused to return Ms. Hebert's funds to her.

43. In January of 2023, Mr. Wood cut off communication and stopped responding to Ms. Hebert.

44. Mr. Wood has refused to uphold his agreement with Ms. Hebert.

45. Mr. Wood is liable to Ms. Hebert for breach of contract in at least the amount of $210,147.18.

## COUNT III
### Unjust Enrichment

46. Ms. Hebert restates paragraphs 1-45 and incorporates said paragraphs herein by reference.

47. Between August and October of 2022, Ms. Hebert invested $210,147.18 with Mr. Wood.

48. Mr. Wood has been enriched by this investment in at least the amount of $210,147.18, plus any appreciation thereof.

49. Mr. Wood has not returned the $210,147.18 to Ms. Hebert.

50. Mr. Wood has not provided any service or benefit to Ms. Hebert whatsoever.

51. Mr. Wood is liable to Ms. Hebert for unjust enrichment in at least the amount of $210,147.18, plus any appreciation thereof.

## COUNT IV
### Conversion

52. Ms. Hebert restates paragraphs 1-51 and incorporates said paragraphs herein by reference.

53. Between August and October of 2022, Ms. Hebert invested $210,147.18 with Mr. Wood.

54. This sum is broken out into identifiable investment amounts as per Paragraph 18, above.

55. Beginning in November of 2022, Ms. Hebert has demanded the return of each identifiable sum.

56. Mr. Wood has refused each demand.

57. Mr. Wood has retained each identifiable sum and the entire $210,147.18.

58. Mr. Wood has provided no benefit to Ms. Hebert for the retention of the $210,147.18.

59. Mr. Wood is liable to Ms. Hebert for conversion in at least the amount of $210,147.18.

## COUNT V
### Attorneys' Fees

60. Ms. Hebert restates paragraphs 1-59 and incorporates said paragraphs herein by reference.

61. Ms. Hebert has attempted to resolve this matter amicably.

62. Mr. Wood has repeatedly rebuffed Ms. Hebert's ovations.

63. Ms. Hebert made several demands, beginning in November of 2022, to which Mr. Wood has refused.

64. Mr. Wood refused to resolve this matter reasonably.

65. Mr. Wood has been stubbornly litigious.

66. Ms. Hebert is entitled to attorneys' fees and costs for having to bring and maintain this action.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Hebert prays for judgment as requested above against Mr. Wood and further request:

    a. An award of damages as stated per this Complaint;

    b. Incidental and consequential damages;

    c. Punitive damages;

    d. Preliminary interlocutory injunctive relief;

    e. An award of attorneys' fees and costs in bringing and maintaining this action; and

f. Any other relief as this Court may deem just and reasonable.

## DEMAND FOR JURY TRIAL

Ms. Hebert requests a trial by jury on all issues so triable.

Respectfully submitted, this 14th day of March, 2024.

        FGP LAW, LLC

        /s/ Frank G. Podesta
        Frank G. Podesta
        GA Bar No. 496530
        fpodesta@fgplaw.com

        555 Sun Valley Drive
        Suite N-3
        Roswell, Georgia 30076
        678.677.5143 (voice)
        678.222.0123 (facsimile)
        *Attorneys for Lovella E. Hebert*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LOVELLA E. HEBERT, | ) |
| | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LUCIAN LINCOLN WOOD, JR., | ) |
| | ) |
| Defendant. | ) |

**VERIFICATION OF VERIFIED COMPLAINT**

STATE OF GEORGIA      )
                      )
COUNTY OF COBB        )

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Lovella E. Hebert, who, after being duly sworn, deposes and states on oath that the allegations, facts and claims contained in this Verified Complaint are true and correct upon her personal knowledge and belief.

This 14th day of March, 2024.

*Lovella E. Hebert*
Lovella E. Hebert

Sworn to and subscribed before me this 14th Day of March, 2024.

Notary Public        (SEAL)
My commission expires: 8/31/2027



TRACI D HOLMAN
Notary Public, Georgia
Cherokee County
My Commission Expires
August 31, 2027